**UNITED STATES of America,**
**Appellee,**

v.

**Ronald Lee LAWRENCE, Appellant.**

**No. 73-2024.**

United States Court of Appeals,
Fourth Circuit.

Submitted March 22, 1974.

Decided July 9, 1974.

Brian P. Gettings, U. S. Atty., and James A. Oast, Jr., Asst. U. S. Atty., on brief for appellee.

Michael S. Weisberg, Norfolk, Va., [court-appointed], on brief for appellant.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Ronald Lee Lawrence was convicted by a jury of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He was sentenced to imprisonment for twenty-five years. In this appeal Lawrence

19.  § 554.2611.

20.  § 554.2611(1).

argues that the photographic identification procedures employed by the government were unduly suggestive and thus rendered all subsequent in-court identifications inadmissible. Lawrence also argues that admission of testimony regarding the getaway car and the discovery of his fingerprints on it constituted reversible error. We find no merit in either argument and affirm the conviction.

■■ A claim that an in-court identification was fatally tainted by a previous photographic identification requires a showing that "the photographic identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). We do not think that the procedure used to identify Lawrence from a photographic spread was in any way impermissible. A series of six photographs, all of the same race as Lawrence, were shown to each of the eyewitnesses. We have examined the photographs and do not find that any of them contain the element of suggestiveness argued by Lawrence. United States v. Cunningham, 423 F.2d 1269 (4 Cir. 1970).

■ Lawrence next argues that all evidence concerning the getaway car and his fingerprints on it was irrelevant and immaterial. We disagree. A witness for the government testified that he noticed an unattended car bearing temporary Virginia license plates in a driveway near the bank at the time of the robbery. The witness testified that he saw a man get into the car and drive it a short distance where he stopped and waited for two men. The car was later stopped and, although Lawrence was not present in the car, his fingerprints and a palm print were discovered on the outside of the car door. Testimony concerning Lawrence's connection with the car was sufficient to support an inference by the jury that he had been in the getaway car and was admissible to show the intent and physical capacity to commit the crime charged in the indictment. *See* Sanders v. United States, 238 F.2d 145 (10 Cir. 1956).

Accordingly, we dispense with oral argument and affirm the conviction.

Affirmed.